UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

RODNEY HENRY CARTER                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:12CV-P53-M

MUHLENBERG COUNTY DETENTION CENTER *et al.*                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney Henry Carter filed a *pro se* complaint (DN 1) pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Muhlenberg County Detention Center. Thereafter, he filed a motion to withdraw a previously filed motion (DN 6), which this Court granted. The Court also construes that motion to withdraw as an amendment to the complaint.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint and its amendment under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of Plaintiff's claims will be dismissed, and others will continue.

**I. SUMMARY OF CLAIMS**

Plaintiff, a convicted inmate, brings suit against the Kentucky Department of Corrections; Muhlenberg County Detention Center (MCDC); its jailer, Mark Curry; and one of its medical officers, Sid Finch. He sues Defendants Curry and Finch in their individual and official capacities. As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

In the complaint (DN 1), Plaintiff alleges that he is being refused medical treatment for his colon, which "is mess up I have to take ex-lax to go." He states that "the medical person Sid told me I could go forever without going I need surgery on my colon. I was told I would have to

wait till I got out." He further states that Defendant "Sid Finch who works at medical has told me he did not care if I lived are died because of my health that I would not get the treatment for my colon here at all." Plaintiff reports that he "had to sign a statement to get off all my medicine because I could not pay for them medicine I need such as blood pressure etc."

Additionally, Plaintiff complains that a book of 10 stamps in the commissary is $5.45, more than the face value of stamps. He states that in January 2012, he was moved to another cell, that the deputy did not let him get his belongings, and that over half of his belongings were gone. Plaintiff also reports that a deputy made a "sex offer to me such as oral sex etc." He reported the incident but nothing was done. He claims that two deputies, non-defendants Jones and Woodall, have slandered him and that in late March 2012 Defendant Curry called him a liar and slandered him in front of two deputies. Plaintiff reports telling one of the deputies, Brown, that he did not feel safe in the jail but that Brown never did anything about it. Plaintiff claims that he has been threatened and that one of the deputies told him that he had a target on his back. He states that he is afraid at the detention center. He claims that he was told not to file a lawsuit or something would happen to him. Plaintiff reports writing the Kentucky Department of Corrections for help to be transferred for treatment but that nothing has been done except that Corrections "just sent one of the letter with my concern to Jailer Mark Curry and now he is punishing me for my Freedom of Speech." Plaintiff states:

> Because of people make threats and other things Jailer Curry has me in a PC cell that I have ask to be move out of now he was going to put me in Class D in March he had told me that well he got some letters I had sent on the way the jail was doing and me wanting to be transfer he then stop me from going to class he violated my constitutional right of Freedom of Speech. I had my sister call him and he told her this was my punishment for speaking out against the jail that I made my bed now I have to lay on it and he would make sure my stay at his jail would be bad.

2

In the amendment (DN 6), Plaintiff claims that he is not getting mail that people have sent him. He states that despite several requests to Defendant Curry to allow him to go to the law library, Defendant Curry refuses; that although he is in "Class D," Defendant Curry will not let him go out to work; and that Defendant Curry has told his deputies that anything Plaintiff wanted done had to go through him. Plaintiff reports that his level is a "Community (Level 1)" and that he should be out doing community service. He states that Defendant Curry will not transfer him due to his health and that he has not seen a doctor for his colon problem or a dentist for his "bad tooth" even though he has submitted multiple medical slips. Plaintiff reports that he has written letters to the Class D Coordinator and Defendant Curry but that neither has responded. He also advises that he had his mother call Defendant Curry and that Defendant Curry advised her that "I could rot in his Dention Center that nothing was going to be done for my health" and that "everyday in his Dention Center I would be wishing I was in Hell instead of his Dention Center." Plaintiff reports that other inmates have told him that they were offered money to cause Plaintiff trouble, such as jumping on Plaintiff and beating him up.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and]

4

would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

*A. Kentucky Department of Corrections (KDOC)*

The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the KDOC is not a "person" under § 1983, Plaintiff fails to state a cognizable claim against that Defendant.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the DOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).[2] The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

### B.  *Muhlenberg County Detention Center*

The Muhlenberg County Detention Center is not an entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (finding neither a county jail nor a sheriff's department is a suable entity); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983); *Ferguson v. Dallas Cnty. Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex.

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[2] *See also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity."); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

Feb. 26, 1997) (noting that county jail lacks separate jural existence and is not a separate entity subject to suit). The claims against the detention center, therefore, will be dismissed.

### C. Cost of stamps

Plaintiff claims that the jail overcharges for stamps. However, there is no constitutionally protected interest in buying stamps as cheaply as possible, as 'there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost.'" *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (quoting *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)). This claim will be dismissed.

### D. Lost property

Plaintiff claims that some of his property was lost during a cell transfer. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Victory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Plaintiff does not allege any reason why a state-court action would not

afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a claim under the Due Process Clause.

### E. Slander

Plaintiff claims that two deputies, who are not parties to this action, and Defendant Curry slandered him. This is a legal conclusion which is not entitled to the assumption of truth. *Tackett*, 561 F.3d at 488 ("But the district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Plaintiff provides no facts surrounding his slander claims. Moreover, "injury to reputation by itself [is] not a 'liberty' interest . . . ." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (quoting *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). "The Supreme Court has stressed that 42 U.S.C. § 1983 is not an avenue for redress of any and all possible tort claims against the government, and that there exists 'no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) (quoting *Paul v. Davis*, 424 U.S. at 702). "Rather, the Court has limited the scope of an actionable liberty interest deprivation to situations involving termination of government employment or the loss of a legal right or status previously enjoyed under state or federal law." *Id.* (citing *Paul v. Davis*, 424 U.S. at 710-11); *Cutshall v. Sundquist*, 193 F.3d 466, 479 (6th Cir. 1999) ("Cutshall has not cited, and we have not found, any case recognizing a general right to private employment."). Plaintiff has not alleged either situation.

Thus, because "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation," *Siegert*, 500 U.S. at 233, Plaintiff has failed to state a federal constitutional slander claim upon which relief may be granted.

### F. Mail

Plaintiff alleges that he is not getting mail that people have sent to him. He does not provide any specific facts as to this claim or allege that any named Defendant has been involved in any of the alleged wrongdoing. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). His conclusory, unsupported allegation of not getting mail is insufficient to state a claim. The mail claim will be dismissed.

### G. Law library

Plaintiff alleges that Defendant Curry refuses to allow him to go to the law library. There is no constitutional right to access to a law library. There is a constitutional right to access to courts, but Plaintiff does not allege any actual prejudice to any litigation. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Having failed to allege hindrance in his efforts to pursue a non-frivolous legal claim, Plaintiff fails to state an access-to-courts claim.

### H. Work/community service

Plaintiff claims that Defendant Curry will not let him go out to work or perform community service. "[A] prisoner does not have a constitutional right to prison employment or a particular prison job." *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs). Plaintiff has failed to state a cognizable § 1983 claim in regard to the alleged denial of work/community service.

### I.  *Remaining claims*

Upon consideration, the Court will allow the remaining claims to proceed for further development.  Specifically, **the following claims will continue:  the Eighth Amendment claims of deliberate indifference to serious medical needs against Defendants Curry and Finch; the Eighth Amendment claim of deliberate indifference to Plaintiff's safety against Defendant Curry; and the First Amendment retaliation claim against Defendant Curry.**  These claims will proceed against Defendants in their individual and official capacities.

### IV.  ORDER

For the reasons set forth more fully above,

**IT IS ORDERED** that all other claims (cost of stamps, lost property, slander, mail, law library, and work/community service) against Defendants Curry and Finch are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all claims against the KDOC are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1) and (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief, respectively, and that all claims against Muhlenberg County Detention Center are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

A separate Scheduling Order will be entered governing the development of the continuing claims.

Date:


cc:	Plaintiff, *pro se*
	Defendants
	Muhlenberg County Attorney
	General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005