UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RODNEY HENRY CARTER**                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:12CV-P53-M**

**MUHLENBERG COUNTY DETENTION CENTER** *et al.*                          **DEFENDANTS**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Rodney Henry Carter's *pro se* motion for return of the initial partial filing fee (DN 9).  He states that the Muhlenberg County Detention Center's collection of the initial partial filing fee left him without money to buy soap, toothpaste, and other things he needs.  He wants the Court to take "the garnishment off me now.  I file for proceed in forma pauperis."

A review of the record reveals that Plaintiff did file an application to proceed without prepayment of fees.  Under the Prison Litigation Reform Act, however, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan."  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  By Order entered June 14, 2012, the Court granted Plaintiff's application, allowing him to pay the $350.00 under an installment plan.  *See* § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").  Under the installment plan,

> (b)(1) . . . The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

§ 1915(b)(1), (2).

The Muhlenberg County Detention Center collected the initial partial filing fee in accordance with the Court's Order and as mandated by statute. Plaintiff is not entitled to return of any monies collected from the detention center and sent to the Court toward payment of the $350.00 filing fee in this action.

**IT IS THEREFORE ORDERED** that the motion for return of the initial partial filing fee (DN 9) is **DENIED**.

Date: November 6, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.005