UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RODNEY HENRY CARTER**                                                                   **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 4:12CV-P53-M**

**MUHLENBERG COUNTY DETENTION CENTER** *et al.*          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Rodney Henry Carter filed a *pro se* complaint and amendment pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Muhlenberg County Detention Center (DNs 1 & 6). On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Eighth Amendment claims to continue against Defendants Mark Curry and Sid Finch and a First Amendment claim to continue against Defendant Curry (DNs 10 & 11).

Thereafter, Plaintiff notified the Court that he had been released from incarceration (DN 17). Consequently, by Order entered January 22, 2013, the Court directed Plaintiff either to pay the $336.96 balance of the filing fee or to file a non-prisoner application to proceed without prepayment of fees (DN 20). The Court warned Plaintiff that his failure to comply with the Order within 30 days may result in dismissal of the action. On February 7, 2013, the U.S. Postal Service returned Plaintiff's copy of the Order to the Court (DN 21). The envelope was marked "Not Deliverable As Addressed" and "Unable to Forward."[1]

---

[1] Additionally, Defendants advise that on December 14, 2012, after Plaintiff filed his notice of change of address, they sent a deposition notice and discovery requests to Plaintiff at his new address but those documents were returned "Not Deliverable As Addressed" and "Unable To Forward" (DN 19). Counsel for Defendants advises that he subsequently learned that Plaintiff's address of record is the business address for Dismas Charities St. Patrick's and that during a recent telephone conversation he had with a Dismas representative, he learned that Plaintiff was not and had not been a resident of the premises at any time. *Id.*

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff is no longer at his address of record and has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date: March 26, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4414.005

2